**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)**          aw9361
-------------------------------------------------------------X
**IN RE:**                                                   **Chapter 13**
    **GREGORY LAMONT RAMOS,**                **Case No. 10-70446-reg**
    **Debtor**
-------------------------------------------------------------X

**ATTORNEY'S AFFIRMATION IN SUPPORT OF THE**
**MOTION TO LIFT AND VACATE THE STAY**

TO:  **HON. ALAN S. TRUST**, United States Bankruptcy Judge:

    ALAN H. WEINREB, ESQ., the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

    1.    I am the Managing Partner of THE LAW OFFICES OF ALAN WEINREB, PLLC, Of Counsel to Pitnick & Margolin, the attorneys for **WELLS FARGO BANK, N.A. AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2006, SECURITIZED ASSET BACK RECEIVABLES LLC TRUST 2006-FR1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR1,** hereinafter referred to as "MOVANT", and as such I am fully familiar with the circumstances of this case.

    2.    I make this affirmation in support of MOVANT'S Motion for an Order vacating the automatic stay imposed by virtue of 11 U.S.C. Section 362 (d)(1).

    3.    Movant's application is brought pursuant to F.R.B.P. 4001, for an Order: (i) modifying and terminating the automatic stay pursuant to 11 U.S.C. Section 362 (d)(1) permitting Movant to exercise all of its rights and remedies as the owner of the Premises known as **57 East Booker Avenue, Wyandanch, New York 11798**, currently occupied by the Debtor; and (ii) granting such other and further relief as this Court deems just and proper.

4. That the Debtor herein filed a petition for relief under Chapter 13 of the Bankruptcy Code Pro Se on **January 25, 2010. Michael J. Macco** has been appointed interim Chapter 13 Trustee. Said filing stayed the execution of a Warrant of Eviction for the premises in which the Debtor resides.

5. That by Referee's Deed dated July 8, 2009 issued in connection with a Judgment of Foreclosure and Sale entered February 17, 2009 granted in an action to foreclose a mortgage made by Gregory Lamont Ramos, recorded in the Suffolk County Clerk's Office in Liber 00021148 Page 383, movant became the owner of the premises occupied by the debtor known as 57 East Booker Avenue, Wyandanch, New York 11798. (See Deed annexed as Exhibit 'A').

6. That a Warrant of Eviction was issued to the Sheriff of Suffolk County on January 4, 2010 by the Honorable Stephen L. Okeiley, Judge of the Second District Court, directing that the Applicant be put into possession of the premises so held by it and to evict all occupants therein. (See Exhibit 'B').

7. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property…" As set forth above, cause exists to vacate the automatic stay as the Debtor has no interest in the subject premises and there is no Landlord Tenant relationship between the Debtor and the Movant.

8. Movant seeks an order of relief from the automatic stay imposed by 11 U.S.C. § 362(a) so it may continue its possession proceedings previously instituted.

## SUMMARY OF APPLICANT'S POSITION

9. It has been established by precedent that the issuance of a warrant of eviction terminates the landlord tenant relationship under NY RPAPL Section 749. Under the law of New York, applicable here, the issuance of a warrant of eviction

Case 8-10-70446-reg    Doc 9-2    Filed 03/03/10    Entered 03/03/10 11:30:15

cancels the lease between the parties and annuls the relationship of landlord and tenant. *See R*eal *Property Actions & Proceedings Law* Section 749(3). RPAPL § 749(3) provides, in relevant part:

> The issuing of a warrant for the removal of a tenant cancels the agreement under which the person removed held the premises, and annuls the relation of landlord and tenant, but nothing contained herein shall deprive the court of the power to vacate such warrant for good cause shown prior to the execution thereof.

10. The filing of a Bankruptcy petition does not resurrect a lease, and a Bankruptcy Court does not have the power to resurrect the lease which was terminated prior to the filing of a lessee's Bankruptcy petition. *See Bell v. Alden Owners, Inc.* 199 B.R. 451, 458 (S.D.N.Y. 1996); *Bucknell Leasing Corp. v. Darwin (In re Darwin)* 22 B.R. 259. 262 (Bankr.E.D.N.Y. 1982).

11. A state court judgment issued prior to the filing of a Debtor's bankruptcy case is res judicata in the Bankruptcy Case, and the Debtor may not relitigate issues already decided by the state court. *Bell,* 199 B.R., at 458; *Manhattan King David Restaurant, Inc. v. Levine* 163 B.R. 36, 39 (S.D.N.Y. 1993) and *In re Lady Liberty Tavern* 94 B.R., 812, 814 (Bankr.S.D.N.Y. 1988). A Bankruptcy Court judge should give preclusive effect to a state court's judgment terminating a lease prepetition and awarding possession of the premises to the landlord. The issuance of a warrant in summary proceedings to remove the tenant cancels the lease and annuls the <u>relationship of landlord and tenant.</u> *Federiwicz v. Potomac Ins. Co.* 7 AD2d 330, 183 NYS2d 115 (4th Dept. 1959). The issuance of a warrant in a summary proceedings effects the cancellation of the lease. *D.A.Schulte, Inc. v. Cross* 146Misc 763, 262 NYS 798 (1933).

12. Once the landlord/tenant relationship is terminated based upon the issuance of a warrant of eviction, it may only be revived where the full rental arrears are tendered (with good funds) and accepted by the Landlord. As a corollary, the landlord is free to accept payments against existing arrears, without reviving the landlord/tenant relationship. See *In re Darwin* 22 B.R., 259, 264 (Bankr.E.D.N.Y. 1982) wherein the court, in finding the issuance of a warrant terminated a tenancy, stated as follows:

> The Debtor contends that the fact that he tendered two post petition rent payments to the landlord which were refused, should lead this court to a different result. Unfortunately, for the Debtor, under New York Law, once the warrant of eviction is issued, the landlord is under no obligation to accept the tender of rent and the tendering of same does not reinstate the tenancy. See *In re Barry Dabney Bankr.No.* 79 B 2304 (Coata, B.J. July 12, 1979) aff'd *In re Debney* 3 B.R. 719, 22 C.B.C. 786 (EDNY 1980) Citing *In re Torres supra; 300 West Realty Co. v. Woods supra.*

13. Predicated upon same, the Warrant of Eviction issued on January 4, 2010 should be given preclusive effect. Moreover, in the present case there is no lease or rental agreement between the Debtor and the Movant **WELLS FARGO BANK, N.A. AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2006, SECURITIZED ASSET BACK RECEIVABLES LLC TRUST 2006-FR1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR1** for these premises pursuant to RPAPL § 713(5). The Debtor here is not a tenant but simply a holdover squatter in a piece of property that has already been foreclosed upon, which is not property of the Debtor.

14. Accordingly, there is "cause" as set out in 11 U.S.C. 362(d)(1) to vacate the automatic stay as the Debtor continues to reside in applicant's property without any lease or other agreement or ownership interest in the premises to allow him to continue to occupy these premises.

WHEREFORE, **WELLS FARGO BANK, N.A. AS TRUSTEE UNDER POOLING AND SERVICING AGREEMENT DATED AS OF FEBRUARY 1, 2006, SECURITIZED ASSET BACK RECEIVABLES LLC TRUST 2006-FR1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-FR1**, respectfully requests an Order be granted vacating the automatic stay as to Applicant to enable Movant to continue its summary proceedings against the premises.

Dated:  Syosset, New York
        March 3, 2010                                                       /s/Alan H. Weinreb, Esq.
                                                                                    Alan H. Weinreb, Esq.